UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

────────────────────────────────────────

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**
07CR263S

v.

**Decision**
**&**
**Order**

Fang Lin,

Defendant.

────────────────────────────────────────

Before the Court is the defendant's omnibus motion seeking various pretrial discovery

(Docket No. 14).

**Background**

On November 1, 2007, the Grand Jury issued an Indictment charging defendant, Fang Lin

("Lin"), with the following: that Lin did conceal, harbor and shield an unlawful alien from

detection in violation of 8 U.S.C. §1324(a)(1)(iii) and 1324(a)(1)(A)(v)(II) [Count 1]; and that

Lin did keep, maintain, control, support and harbor said alien for the purpose of prostitution and

failed to file a written statement with the Commissioner of Immigration and Naturalization

relating to the individual's entry into this country in violation of 18 U.S.C. §2424(a) and 2.

**Discussion**

By way of the instant motion, the defendant seeks: discovery under Rules 12 and 16 of the Federal Rules of Criminal Procedure; a bill of particulars; disclosure of evidence under Rules 404(b), 608 and 609 of the Federal Rules of Evidence; disclosure of <u>Brady</u>[1] material; disclosure of information from personnel files of government agent witnesses; preservation of evidence; disclosure of the identity of informants; disclosure of Jencks Act (18 U.S.C. §3500 et seq.) material; and an audibility hearing.

**Rule 16 Discovery**

The defendant seeks disclosure of various categories of discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.   It appears that the government has provided, or agreed to provide the information sought in the respective requests to the extent it exists.   At oral argument with respect to the instant motion, the government agreed to provide certain Jencks Act material.   The defendant did not identify any other outstanding discovery issues.

**Rule 12**

Pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, the defendant has requested that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16.   The government's response addresses the defendant's Rule 12 request (Docket No. 16 at pages 2-4).   The defendant has not represented to the Court that this notice is inadequate.

---

[1] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

2

**Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct

the filing of a Bill of Particulars.  Bills of Particulars are to be used only to protect a defendant

from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at

trial.  U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990).  The government is not obligated to "preview

its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v.

Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the

crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Upon review of the indictment, and upon the discovery and information already provided

or promised in this case, the defendant has not demonstrated that further particularization is

required to protect him from double jeopardy or to enable him to adequately prepare a defense

and avoid surprise at trial.


**Rule 404(b), 608 and 609 Material**

The defendant  requests disclosure of all evidence of prior bad acts that the government

intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b).  The government

has represented that it intends to use at trial any and all prior criminal conduct, bad acts or

wrongs committed by the defendant, but represents it will disclose any such information with

trial submission made to the District Court. (Docket No. 16 at page 8).   The government shall

produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendant's requests under Rules 608 and 609, the only notice

requirement imposed by either rule applies where a party intends to introduce evidence of a

conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that

"the proponent [give] to the adverse party sufficient advance written notice of intent to use such

evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

To the extent the government intends to use a conviction more than 10 years old, it must comply

with this requirement.  The government has no obligation to provide the defendant with notice of

any material that will be used to impeach him pursuant to Rule 608 should he or she elect to

testify.  See United States  v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998);  United States v. Song,

1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).


**Brady & Jencks  Material**

The defendant has requested that the government disclose all materials potentially

favorable to the defendant, including information to be used for the impeachment of the

government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its

progeny. Brady material, as those cases have come to define it, includes all evidence which may

be favorable to the defendant and material to the issue of guilt or punishment. Such evidence

includes "[a]ny and all records and/or information which might be helpful or useful to the

defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct

attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both

exculpatory and impeachment Brady materials which he seeks to obtain. The government has

represented that it will provide all impeachment material in its possession in accordance with the

schedule set by the trial judge and no later than when the government produces Jencks Act

4

material.  (Docket No. 16 at pages 10-11).

Neither the Supreme Court, nor the Second Circuit,[2] have ruled directly on whether there is a meaningful distinction between "exculpatory <u>Brady</u>" and "impeachment <u>Brady</u>" materials for purposes relating to the timing within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under <u>Brady</u> and the government's right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted <u>Brady</u> to require disclosure "at the appropriate" time, which often is prior to trial); <u>U.S. v. Perez</u>, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing <u>Brady</u> material violates due process only if the delay prevented the defendant from receiving a fair trial); <u>U.S. v. Ziperstein</u>, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of <u>Brady</u> material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see <u>U.S. V. Wilson</u>, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); <u>U.S. Biaggi</u>, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); <u>U.S. V. Feldman</u>, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose <u>Brady</u> impeachment materials along with [Jencks Act]

---

[2] In a footnote in its opinion in <u>Lucas v. Regan</u>, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under <u>Brady</u> principles. To this extent, it has been suggested that the constitutional requirements underlying <u>Brady</u> could act to modify the Jencks Act. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852, 860 (5th Cir. 1979). But see <u>U.S. v. Presser</u>, 844 F.2d 1275 (6th Cir. 1 988)(the government may not be compelled to pretrial disclosure of <u>Brady</u> or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both <u>Brady</u> and Jencks material. Certainly "impeachment <u>Brady</u>" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." <u>U.S. v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>U.S. V. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, balancing all of the above factors, the Court concludes that disclosure of such impeachment-<u>Brady</u> material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a

fair opportunity to utilize the information at trial) is sufficient. With respect to material that would fall purely under the Jencks Act, such information is to be disclosed in compliance with the District Court's trial order.

**Search of Personnel Files**

The defendants request that the government search the personnel files of any government agent or police witness involved in this case to determine whether any <u>Brady</u> material exists. The government has stated that it is aware of its continuing obligation in this regard and will continue its attempts to ascertain whether any such information exists. (Docket No. 16 at page 12).   The government is directed to produce any discoverable material, if such exists, along with disclosure of Jencks Act material as directed under the District Court's trial order.

**Preservation of Evidence and Rough Notes**

The defendant has  requested the preservation of rough notes and other evidence taken by law enforcement agents involved.  The government is directed to preserve such information.

**Disclosure of Informants**

Lin seeks the pre-trial disclosure of the identity of any informants in this case.  The government is not required to furnish the identities of informants unless it is essential to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 52, 60-61 (1957); <u>United States v. Saa</u>, 859 F.2d 1067, 1073 (2d Cir.) <u>cert. denied</u> 489 U.S. 1089 (1988).  Rule 16 does not require the government to disclose the names of witnesses prior to trial.  <u>United States v. Bejasa</u>, 904 F.2d

137, 139 (2d. Cir.) <u>cert. denied</u> 498 U.S. 921 (1990).  The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense.


**Audibility Hearing**

The defendant seeks a hearing on the audibility of certain tape recordings the government intends to use at trial.  The government does not oppose this request.  If, after having an opportunity to listen to any such recordings, the defense counsel believes an audibility hearing is warranted, such a hearing will be scheduled.


**Conclusion**

The defendant's various discovery requests are granted in part and denied in part consistent with the above.

So Ordered.


_____

/s/ Hugh B. Scott

United States Magistrate Judge
Western District of New York

Buffalo, New York
July 8, 2008